IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 6, 2002

## STATE OF TENNESSEE v. WENDELL S. LEWIS

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-04909      James C. Beasley, Jr., Judge**

———

**No. W2001-03098-CCA-R3-CD - Filed February 4, 2003**

———

When the defendant's status on community corrections was revoked, the trial court should have given the defendant credit for the time served in the community corrections program. We, therefore, reverse and modify the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court**
**Reversed and Modified**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

A C Wharton, Jr., Public Defender; Garland Ergüden and Robert Hayes Gowen, Assistant Public Defenders, for the appellant, Wendell S. Lewis.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paul F. Goodman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On September 26, 2000, the defendant, Wendell S. Lewis, pled guilty to driving while a habitual motor vehicle offender and was later sentenced to community corrections for two years. Almost a year later, the defendant's status on community corrections was revoked. At the revocation hearing, the trial court found that the defendant had not complied with the conditions of his community corrections sentence and ordered the defendant to serve a two-year sentence in the county workhouse, with no credit for time served in the community corrections program.

The defendant timely appeals the trial court's denial of credit for time served in the community corrections program. Specifically, the defendant is seeking three hundred sixty-three

(363) days credit from October 20, 2000, the date the Order was entered placing him in community corrections status, until October 18, 2001, the date the revocation petition was filed.

## Analysis

The State agrees with the defendant's position, noting the granting of such credit is mandated by statute and is not discretionary with the trial court. We agree.

Upon revocation of a community corrections sentence, the trial court has the authority to modify the sentence, not deny credit for time actually served in the community corrections program, no matter how lackluster or unsuccessful the defendant's performance. Tenn. Code Ann. § 40-36-106(e)(4). This Court applied this provision and held that a defendant must receive credit for the full period he was in community corrections until the filing of a revocation proceeding. State v. Victor Lofton, No. 02C01-9611-CC-00427, 1997 Tenn. Crim. App. LEXIS 985, at *4 (Tenn. Crim. App. Oct. 2, 1997, at Jackson). Accordingly, the defendant is entitled to three hundred sixty-three (363) days credit.

## CONCLUSION

The judgment of the trial court is reversed and modified to reflect a sentence of two (2) years, with three hundred sixty-three (363) days credit for the time the defendant was in the community corrections program.

_____
JOHN EVERETT WILLIAMS, JUDGE